faith of the record resulting from the forged satisfaction piece, and is in no better position than his mortgagor.

The judgment, so far as it awards costs to the defendants and dismisses the complaint respecting the first cause of action alleged, must be reversed, and a new trial granted; costs to abide the final award of costs. All concur.

(110 App. Div. 916)

### VOHMANN et al. v. RINSCHLER et al.

(Supreme Court, Appellate Division, Second Department.   December 8, 1905.)

Appeal from Special Term, Richmond County.

Action by Carl Vohmann and others as trustees, etc., against Frank Rinschler and others.   From a judgment in favor of defendants, plaintiffs appeal.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

Fred W. & Alfred E. Hinrichs (Frederic W. Hinrichs, of counsel), for appellants.

Holt & Gaillard (Wm. D. Gaillard, of counsel), for respondents.

PER CURIAM.   Judgment reversed, and new trial granted, costs to abide the final award of costs, on the authority of Vohmann v. Michel (decided herewith) 96 N. Y. Supp. 309.

(109 App. Div. 514.)

### DUNHAM v. HASTINGS PAVEMENT CO.

(Supreme Court, Appellate Division, First Department.   December 8, 1905.)

1. PLEADING—AMENDMENT.
    The court may permit a complaint stating a cause of action to recover under a contract to be amended, so as to state a cause of action to recover for a breach of the same contract.

2. SAME—TERMS.
    An amendment changing a complaint from one to recover on a contract to one to recover for breach of contract should only be allowed upon condition that plaintiff pay all costs up to the date of the amendment.
    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 630.]

Appeal from Special Term, New York County.

Action by Edward R. Dunham against the Hastings Pavement Company.   From an order allowing plaintiff to serve an amended complaint, defendant appeals.   Modified.

See 88 N. Y. Supp. 835.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and HOUGHTON, JJ.

Austen G. Fox, for appellant.

Samuel Untermyer, for respondent.

INGRAHAM, J.   I think the court below was justified in allowing the plaintiff to serve an amended complaint.   While the form of the